UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| JORDON H. KAISER, | ) | |
| | ) | |
| Debtor. | ) | Case No. 11-41555 |
| | ) | |
| _____ | ) | The Honorable Timothy A. Barnes |
| DEBORAH KANNER EBNER, not individually | ) | |
| by as Trustee of the Bankruptcy Estate of Jordon | ) | |
| H. Kaiser, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adversary Case No. 13-01243 |
| | ) | |
| DORIS KAISER, individually and as Trustee of | ) | |
| the Shellie Kaiser Trust, and as Trustee of the | ) | |
| Amy Kaiser Wickersham Trust, and as Trustee of | ) | |
| the Doris Kaiser Trust, | ) | |
| | ) | |
| SHELLIE KAISER, individually and as Trustee | ) | |
| of the Amy Kaiser Wickersham Trust, and as | ) | |
| Trustee of the Kaiser Family 2001 Irrevocable | ) | |
| Trust, and as Trustee of the Kaiser Family Trust, | ) | |
| and as Trustee of the Kaiser Children's Trust, and | ) | |
| as Trustee of the Shellie Trust, and as Trustee of | ) | |
| the Jeffrey Trust, | ) | |
| | ) | |
| Amy Wickersham Kaiser, individually and as | ) | |
| Trustee of the Shellie Kaiser Trust, and as Trustee | ) | |
| of the Kaiser Family 2001 Irrevocable Trust, and as | ) | |
| Trustee of the Kaiser Family Trust, and as Trustee | ) | |
| of the Kaiser Children's Trust, and as Trustee of the | ) | |
| Amy Trust, and as Trustee of the Jeffrey Trust, | ) | |
| | ) | |
| THE KAISER FAMILY TRUST, | ) | |
| THE KAISER FAMILY 2001 TRUST, | ) | |
| THE KAISER CHILDREN'S TRUST, | ) | |
| THE SHELLIE KAISER TRUST, | ) | |
| THE AMY KAISER WICKERSHAM TRUST, | ) | |
| DORIS KAISER TRUST, | ) | |

| | |
|---|---|
| THE JEFFREY TRUST, | ) |
| THE AMY TRUST, | ) |
| THE SHELLIE TRUST, | ) |
| PETER KAISER, | ) |
| SCOTT KAISER, | ) |
| WALTER KAISER, | ) |
| JOHN WICKERSHAM, | ) |
| THE LAKESHORE CENTRE HOLDINGS, LLC, | ) |
| KDI, LLC, | ) |
| SHEFFIELD INVESTMENTS, LLC, | ) |
| BELMONT SHEFFIELD LP, | ) |
| KAISER INVESTMENTS, LLC, | ) |
| METROPOLITAN LIFE INSURANCE | ) |
| COMPANY, | ) |
| TRANSAMERICA LIFE INSURANCE | ) |
|  COMPANY, | ) |
| NORTH AMERICAN COMPANY FOR | ) |
|  LIFE AND HEALTH INSURANCE, AND | ) |
| AMERICAN GENERAL LIFE INSURANCE | ) |
| COMPANY, | ) |
|  | ) |
| Defendants. | ) |

**WALTER KAISER'S MOTION TO DISMISS COMPLAINT
FOR ACCOUNTING, TURNOVER, AND INVALIDATION OF TRANSFERS**

DEFENDANT, Walter Kaiser, by his attorney, Julia Jensen Smolka of DiMonte & Lizak, LLC, moves to dismiss the Trustee's adversary complaint pursuant to F.R. 12(b)(6) (the "Complaint") as applicable through Bankruptcy Rule 7012, and in so doing, hereby states as follows:

**INTRODUCTION**

The Trustee's Complaint fails to plead any cause of action against Walter Kaiser. There are no allegations that Walter Kaiser specifically received any transfers by date or amount. Without any actual allegations of receipt of a transfer, the Trustee has not alleged any viable cause of action for fraudulent transfer or for unjust enrichment. For these reasons, the Amended Complaint against Walter must be dismissed with prejudice.

1.   <u>Relevant Allegations</u>.

Defendant Walter Kaiser ("Walter") is Debtor's brother (¶14). The Trustee alleges that Walter was the recipient or beneficiary of certain transfers from Lake Shore Centre Holdings ("Lake Shore"). On information and belief, these transfers appear to have been made for less than reasonably equivalent value (¶14). Nowhere else in the Complaint is there contained any other allegation of transfer from Lake Shore to Walter, or from Debtor to Walter. There are no allegations regarding the amounts of any transfers or the dates of any transfers. There is no indication that Walter received benefit besides a vague allegation upon information and belief. Without any actual facts, Walter is unable to defend himself.

There are seven counts alleged in the Complaint. Counts 1 through 3 and 7 specifically name other defendants in the recitals. Counts 4 through 6 name the generic "defendant" or each defendant in their recitals. Walter was not mentioned in the specifics of these counts, but one may assume the Trustee is seeking recovery within these counts.

Count 4 seeks the return of certain monies under Section 5 of the Uniform Fraudulent Transfer Act ("UFTA"). Count 5 seeks recovery under Sections 5(a)(2) and 6(a) of the UFTA, while Count 6 seeks recovery under unjust enrichment.

Each of the claims alleged in the Complaint is subject to dismissal under Rule 12(b)(6). The fraudulent transfer and unjust enrichment claims are subject to dismissal because there is no indication they were brought timely, nor was any allegation regarding transfer specific as to benefits to Walter. Additionally, all claims against Walter must be dismissed because they fail to state any relief against him.

2.   <u>Legal Standards</u>.

Rule 12(b) (6) imposes two "easy-to-clear" pleading hurdles. *EEOC v. Concentra Health Services*, 496 F.3d 733 (7th Cir. 2007). "First, the complaint must describe the claim in sufficient detail to give the defendant 'fair notice of what the...claim is and the grounds upon which it rests...' Second, its allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level; if they do not, the plaintiff pleads itself out of court.'" In *re Equip.Acquisition Res., Inc.*, 09 B 39937, 2012 WL 4755028 (Bankr. N.D. Ill. Sept. 28, 2012), citing *EEOC v. Concentra Health Services*.

Counts 4 and 5, containing the fraudulent transfer claims against Walter, are not timely, as there are no allegations that Walter received anything within the applicable statute of limitations. Each count seeks return of allegedly fraudulent transfers under Sections 544 and 548 of the Bankruptcy Code. Count 4 draws on Section 5(a)(1) of the UFTA. Count 5 is brought under Sections 5(a)(2) of the UFTA.

Section 548 allows the trustee to bring claims for fraudulent transfer for transactions which occur within two years of the filing of a bankruptcy. 11 U.S.C.A. 548. However, the Trustee in this case has not made any allegations of transfers made against Walter, nor has the Trustee made allegations of transfers within the two-year statute of limitations. In fact, nowhere in the Complaint are there any allegations by date or amount of any transfers to Walter. Without the allegations it is impossible for the Trustee to claim the transfers were made within two years as required under Section 548. Without allegations of dates, the Trustee has not met her burden of proof that transfers occurred within two years of the filing of Debtor's bankruptcy. Therefore, Counts 4 and 5 as to Walter should be dismissed.

The Trustee also may rely on the statute of limitations under the UFTA in Illinois if a creditor

might have timely brought the claim when the bankruptcy petition was filed. In determining the timeliness of a UFTA claim brought under Section 544(b) of the Bankruptcy Code, the courts apply a two-prong test. *In re Spatz*, 222 B.R. 167, 164 (N.D. Ill. 1998). First, the court must determine if the claims are maintainable under the state's statute of limitations as of the commencement of the bankruptcy, then determine if those claims are maintainable if brought within the two-year commencement period of the bankruptcy. *Id*. Again, without specific allegations as to any transfers to Walter for his benefit, it is impossible for the Trustee to maintain that the transfers are within the statute of limitations. The claims against Walter must be dismissed with prejudice.

    3.    <u>The Trustee Has Failed to Allege a Cause of Action for Construction of Fraudulent Transfers for Counts 4 and 5</u>.

A motion to dismiss under F.R.Civ.P. 12(b)(6) made applicable by Fed.R.Bankr.P. 7012 tests the sufficiency of the Complaint rather than the merits of the case. *In re Irmen*, 379 B.R. 299, 307 (Bankr. N.D. Ill. 2007). Under Rule 12(b)(6), a court must take as true all facts alleged in a complaint and construe all reasonable inferences in favor of plaintiff. See *Murphy v. Walker*, 51 F.3d 714, 717 (7th Cir. 1995).

The Trustee's Complaint does not adequately plead the claims for relief under Rule 8, nor does it meet higher pleading standards for fraud under Rule 9(b). The Complaint must therefore be dismissed under Rule 12(b)(6).

Rule 8 states that a pleading for a claim for relief must contain "a short and plain statement

of the claim showing that the pleader is entitled to relief." Fed.R. Civ.P. 8. The focus of this Rule is to "give the defendant fair notice of what...the claim is and the grounds upon which it rests." *Brooks* v. Ross, 578 F.3d 574,580 (7th Cir. Aug.20, 2009). The complaint must contain enough facts to state a claim for relief which is plausible on its face. Plausibility is not a probability standard, but is higher than a mere possibility so that well-pled facts may not be merely consistent with a defendant's liability, and must demonstrate a plausible "entitlement for relief." *Id.*

When fraud is alleged, more rigorous pleading standards come into play. *In re Jacobs,* 403 B.R. 565, 573 (Bankr.N.D.Ill. Apr.9, 2009). "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." (Fed.R.Civ.P. 9(b)). Thus, a plaintiff must state the "who, what, when and where of the alleged fraud." *Id.* An adversary complaint should not merely assert allegations that "are conclusory or based on 'information and belief.'" *Irmen,* 379 B.R . at 310.

In this Complaint, there are no "who, what, when and where" of the alleged fraudulent transfers. There is not a single iota of fact alleged to show what Walter received, when he received it, from whom he received it, and what it was. It is not Walter's burden, nor his counsel's burden, to hypothesize as to the allegations and what they might be, or try to defend. The Trustee must plead a proper cause of action and place Walter on notice. She has failed to do so. Walter cannot defend this cause of action because the Trustee has made no allegations as to what Walter received and when he received it. For these reasons, Counts 4 and 5 must be dismissed with prejudice as to Walter.

    4.    <u>The Trustee Has Failed to State a Cause of Action Against Walter for Unjust Enrichment</u>.

The Trustee has failed to state a claim for unjust enrichment against Walter. In Illinois, "to state a cause of action based on a theory of unjust enrichment, a plaintiff must allege that the defendant has unjustly retained a benefit to the plaintiff's detriment, and that defendant's retention of the benefit violates the fundamental principles of justice, equality, and good conscience." *HPI Health Care Servs,. Inc. . Mt. Vernon Hosp. Inc.*, 131 Ill.2d 145, 137 Ill.Dec. 19, 545 N.E.2d 672, 679 (1989), as cited in *Cleary v. Phillip Morris Inc.*, 656 F.3d 516 (7th Cir. 2011).

In this matter, there are no allegations that Walter unjustly retained any benefit to the estate's detriment, nor are there any allegations that the retention violates the fundamental principles of justice, equity and good conscience. In fact, there are no allegations as to the value of the funds Walter received, the form of transfer, or that he was entitled to those funds. Again, there is nothing specific as to Walter which would demonstrate a cause of action under unjust enrichment.

Additionally, unjust enrichment has a five-year statute of limitations under the general personal action catchall statute of limitations. 735 ILCS 5/13-205. Without any indication as to when these alleged possible transfers took place, it cannot be proved that they took places within five years of the bankruptcy. The action must be dismissed with prejudice as to Walter.

## CONCLUSION

Walter has been sued by the Trustee together with dozens of other individuals and companies. The Trustee appears to have taken significant discovery and obtained recorded documents. However, she has not and cannot make any allegations as to Walter to state what he received, how much he received, when he received it, and from whom he received it. There are simply no allegations pled for any cause of action. The Trustee cannot state "there must have been

some transfer received by Walter Kaiser" and then allow him to suffer the burden of defending himself without more. The burden falls on the Trustee to allege causes of action with specificity to allow Walter to understand why he is being sued and to answer. Without this, the Complaint against Walter must be dismissed with prejudice.

                                           Respectfully submitted,

                                           WALTER KAISER

                                       By:    /s/ Julia Jensen Smolka
                                                     One of his attorneys

Julia Jensen Smolka, #6272466
DiMonte & Lizak, LLC
216 W. Higgins Road
Park Ridge, IL 60068
847/698-9600
847/698-9623 Facsimile
jsmolka@dimontelaw.com

L:\K\KAISW1-1\Pleadings\Mtn to Dismiss Trustee's Complaint.wpd

3